NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> MICHAEL JOHN AVENATTI, AKA Michael J. Avenatti, <br><br> Defendant-Appellant. | No. 22-50301 <br><br> D.C. Nos. <br> 8:19-cr-00061-JVS-1 <br> 8:19-cr-00061-JVS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted September 12, 2024
Pasadena, California

Before: FRIEDLAND and DESAI, Circuit Judges, and SCHREIER,** District Judge.

Michael Avenatti appeals a 168-month sentence imposed after he pled guilty to four counts of wire fraud, 18 U.S.C. § 1343, and one count of obstructing the due administration of the internal revenue laws, 26 U.S.C. § 7212. We vacate the sentence and remand for resentencing.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

1. Avenatti contends that the district court erred in failing to make the express findings needed to support the obstruction of justice enhancement based on perjury. *See* United States Sent'g Guidelines Manual ("U.S.S.G.") § 3C1.1; *id.* § 3C1.1 cmt. n.4(B). To the extent an objection is required to trigger the need for a district court to make such findings, Avenatti's objections were sufficient to do so. The district court therefore had to "make independent findings necessary to establish a willful impediment to or obstruction of justice," *United States v. Dunnigan*, 507 U.S. 87, 95 (1993), and "make explicit findings that not only did [Avenatti] give false testimony, but also that the falsehoods were willful and material," *United States v. Castro-Ponce*, 770 F.3d 819, 823 (9th Cir. 2014). Because the perjury occurred outside of Avenatti's trial, the falsehoods had to be material to the separate underlying proceeding as well as to this proceeding. *See United States v. Rojas-Millan*, 234 F.3d 464, 471 (9th Cir. 2000); U.S.S.G. § 3C1.1 cmt. n.4(B) (permitting the obstruction of justice enhancement where such perjury "pertains to conduct that forms the basis of the offense of conviction"). The district court failed to make explicit findings as to the elements of obstruction of justice based on perjury, so the enhancement must be vacated. *United States v. Herrera-Rivera*, 832 F.3d 1166, 1175 (9th Cir. 2016).

2. Avenatti argues that the district court's calculation of the losses from fraud as $12,350,000 and imposition of a 20-level enhancement based on that

calculation were error. U.S.S.G. § 2B1.1(b)(1)(K). We review the district court's application of the Guidelines to the facts for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). Avenatti contends that the district court should have accounted for the value of his legal services and costs, as well as the value of certain payments he made to victims. We agree.

The Sentencing Guidelines define actual loss as "the reasonably foreseeable pecuniary harm that resulted from the offense." U.S.S.G. § 2B1.1 cmt. n.3(A)(i). "Reasonably foreseeable pecuniary harm" is the "harm the defendant knew or, . . . reasonably should have known, was a potential result of the offense." *Id.* at § 2B1.1 cmt. n.3(A)(iv). As to certain victims, the district court found that Avenatti's "actual loss" amounted to the full value of the settlements Avenatti negotiated for his clients. Reasoning that Avenatti had forfeited his fees and costs by his fraudulent conduct, the district court did not reduce the settlement values to account for Avenatti's legal services and costs.

The district court erred. Forfeiture is a sanction that does not approximate the pecuniary harm caused by an attorney's misconduct. *See* Restatement (Third) of the Law Governing Lawyers § 37(b). It has no place in calculating "actual loss" for the purposes of enhancing a criminal defendant's sentence. Further, Avenatti's clients were never entitled to receive the full settlement values—they hired Avenatti on a contingency fee basis and agreed, by contract, to pay him a portion

3

of any settlement as his fees and to reimburse him for his costs. Thus, even if Avenatti acted lawfully, his clients would not have received the full settlement amounts. By finding that Avenatti's victims "lost" the full settlement value without accounting for Avenatti's fees and costs, the district court enhanced Avenatti's sentence based on pecuniary harm that did not occur, and did not "result[] from [Avenatti's] offense." U.S.S.G. § 2B1.1 cmt. n.3(A)(i). This was contrary to the purpose of the loss enhancement, which is to ensure that a defendant's sentence is proportional to the harm he caused. *See id.* § 2B1.1 cmt. background.

The Sentencing Guidelines require sentencing courts to credit against loss the "money returned, and the fair market value of the property returned and the services rendered, by the defendant . . . to the victim before the offense was detected." U.S.S.G. § 2B1.1 cmt. n.3(E)(i). The record does not allow us to determine, as a matter of law, the fair market value of Avenatti's fees and expenses. The determination of the fair market value requires fact-finding that we as an appellate court are not positioned to do. While not determinative, Avenatti's contracted fees and costs may inform the "fair market value" analysis. However, whether those contracted fees represent the fair market value of his services is a question for the district court. We therefore remand and direct the district court to

account for the fair market value of Avenatti's legal services and costs in its "actual loss" calculation, without any reliance on forfeiture.

With respect to "money returned . . . to the victim before the offense was detected," the district court abused its discretion in declining to credit (and thus deduct from the losses) the value of payments Avenatti made to Geoffrey Johnson, Alexis Gardner, and Gregory Barela after he misappropriated their settlements. *Id.* These too, should be accounted for on remand.[1] The district court did not err in declining to credit payments Avenatti made *before* the misappropriation because those were not funds embezzled and subsequently "returned" to the victims.

3. Avenatti argues that the district court erred in failing to account in the restitution calculation for legal services he provided to victim Michelle Phan in acquiring the company Em Cosmetics. The district court erred in finding Avenatti's work related to Em Cosmetics was "not associated with" the other services he rendered to Phan. The record is clear that the acquisition of Em Cosmetics was central to Phan's divestment from Ipsy, and Avenatti's retainer agreement with Phan entitled him to a fee of 7.5% of the value of Em Cosmetics. Such services rendered to the victim must be deducted from the restitution owed.

---

[1] Because he did not raise it until his reply brief, Avenatti forfeited the argument that the district court failed to account for the value of work that *other* attorneys provided the victims. *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).

5

*See United States v. Gagarin*, 950 F.3d 596, 607 (9th Cir. 2020). On remand, the district court is directed to determine the value of Em Cosmetics and reduce Avenatti's restitution amount by any fees he is owed in connection with its acquisition. To the extent the district court requires an evidentiary hearing to determine that amount, it may decide, in its discretion, to hold such a hearing.

The district court did not, however, abuse its discretion in denying Avenatti's motion for an evidentiary hearing below because Avenatti failed to identify additional evidence he would have presented that the district court had not already heard at trial. *See United States v. Salcido*, 506 F.3d 729, 735 (9th Cir. 2007). Thus, we affirm the district court's denial of Avenatti's motion for an evidentiary hearing.

4. Prior to sentencing in this case, Avenatti was separately convicted of attempting to extort Nike (*see United States v. Avenatti*, 81 F.4th 171, 175–83 (2d Cir. 2023) ("the Nike offense")) and of misappropriating a client's book advance (*see United States v. Avenatti*, No. 22-1242, 2024 WL 959877, at *1 (2d Cir. Mar. 6, 2024) ("the Clifford offense"), *petition for cert. docketed*, No. 24-5557 (U.S. Sept. 17, 2024)). Avenatti contends that the district court should have imposed the sentence in the instant case to run concurrently to the sentences imposed in these other offenses because they constitute "relevant conduct" under the Sentencing Guidelines. U.S.S.G. § 5G1.3(b). We agree in part.

The district court did not abuse its discretion in concluding that the Nike offense was not relevant conduct. The modus operandi in the Nike offense—attempting to extort money from a company—is distinct from the stealing of settlement money from clients at issue here. *Id.* § 1B1.3 cmt. n.5(B)(i). Nor has Avenatti provided any evidence that the offenses shared a "common purpose," or were part of the same "course of conduct" given their dissimilarity. *Id.* § 1B1.3 cmt. n.5(B)(i), (ii). The Clifford offense, however, was similar enough to be part of "the same course of conduct" as the instant offense, because both involved misappropriating client funds. *Id.* § 1B1.3 cmt. n.5(B)(ii). Contrary to the district court's finding, the Clifford offense was also contemporaneous with the offenses in the present case: the relevant conduct in the Clifford offense spanned July 2018 to February 2019, and the conduct here spanned January 2015 to March 2019. *See id.* The district court abused its discretion in concluding that the Clifford offense was not relevant conduct for purposes of sentencing. *Id.* § 5G1.3(b).

5. Avenatti argues that the district court erred by relying on the preponderance of the evidence standard in finding the facts underlying the imposition of various sentencing enhancements. But we recently held "that clear and convincing evidence is not required for factual findings under the Guidelines, even when potentially large enhancements are at stake; fact-finding by a preponderance of the evidence is sufficient to satisfy due process at sentencing."

7

*United States v. Lucas*, 101 F.4th 1158, 1163 (9th Cir. 2024) (en banc).

6. Avenatti argues that the district court abused its discretion by applying both the misrepresentations-in-bankruptcy enhancement under U.S.S.G § 2B1.1(b)(9) and the obstruction of justice enhancement under U.S.S.G. § 3C1.1. We disagree.

The Sentencing Guidelines instruct: "If the conduct that forms the basis for [the misrepresentations-in-bankruptcy enhancement] is the *only* conduct that forms the basis for an adjustment under [the obstruction of justice enhancement], do not apply [the obstruction of justice enhancement]." U.S.S.G. § 2B1.1 cmt. n.8(E)(ii) (emphasis added). The enhancements were, at least in part, based on different conduct that occurred in distinct proceedings. The misrepresentations-in-bankruptcy enhancement was based on statements Avenatti made in his law firm's bankruptcy proceedings, whereas the obstruction of justice enhancement was based on Avenatti's testimony at judgment-debtor examinations in separate civil proceedings. Thus, the conduct that formed the basis of the misrepresentations-in-bankruptcy enhancement was not the "only conduct" that formed the basis for the obstruction of justice enhancement. U.S.S.G. § 2B1.1 cmt. n.8(E)(ii).

7. Avenatti argues that the district court failed to address specific instances of laudatory conduct when imposing Avenatti's sentence. But the district court's sentencing memorandum discusses other positive conduct, and there is "no

8

mechanical requirement that a sentencing court discuss every [18 U.S.C. § 3553(a)] factor." *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013).

For the foregoing reasons, we **VACATE** the sentence and **REMAND** for resentencing.